IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| JASON WHEELER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:14-CV-9 (WLS) |
| | : | |
| CAROLYN W. COLVIN, *Commissioner of Social Security*, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## **ORDER**

Before the Court is a Report and Recommendation from the United States Magistrate Judge Thomas Q. Langstaff. (Doc. 16.) On or about February 5, 2010, Plaintiff Jason Wheeler filed an application for Supplemental Security Income ("SSI") claiming disability as a result of schizophrenia. (Doc. 1 at ¶ 5; Doc. 16 at 3.) On July 26, 2012, an Administrative Law Judge ("ALJ") for the Social Security Commission determined Plaintiff was not disabled and denied him benefits. (*Id.*) On November 8, 2013, the Social Security Appeals Council denied Plaintiff's request for a review of the ALJ's decision denying him benefits. (*Id.* at 6.) On January 10, 2014, Plaintiff filed the above-captioned appeal challenging the Commissioner's final decision. (Doc. 16.) On August 18, 2014, Judge Langstaff recommended that the Social Security Commissioner's final decision be affirmed pursuant to Sentence Four of 42 U.S.C. § 405(g). Plaintiff timely filed an objection to challenge Judge Langstaff's Recommendation and moved the Court to reverse and remand the Commissioner's decision. (Doc. 17.) Defendant Commissioner Carolyn W. Colvin timely filed a response to Plaintiff's objection. (Doc. 18.) For the following reasons, Plaintiff's

1

objection (Doc. 17) is **OVERRULED** and Judge Langstaff's Recommendation (Doc. 16) is **ADOPTED**.

Federal courts' review of an ALJ's decision is a limited inquiry focused on confirming an ALJ relied on substantive evidence and sound legal reasoning. *Powell v. Astrue*, 250 F. App'x 960, 962 (11th Cir. 2007). A district court's review of an ALJ's decision must be deferential and not reweigh evidence or substitute its judgment for that of an ALJ. *Id.* at 963; *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). "Even if the evidence preponderates against the Commissioner's findings, [the court] must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.*

In his objection to Judge Langstaff's Report and Recommendation, Plaintiff reasserts claims made during his appeal. (Doc. 17.) Plaintiff contends the ALJ failed to adequately consider information from his treating physician, Dr. Nikil Nihalani. Specifically, Plaintiff argues the ALJ gave little weight to Dr. Nihalani's opinion Plaintiff was "abnormal", failed to consider Dr. Nihalani's treatment notes, and neglected to follow up with Dr. Nihalani when further information was necessary. (Doc. 17 at 2.) Judge Langstaff rightly disagreed with Plaintiff, concluding the ALJ properly discounted Dr. Nihalani's assessment for "good cause" since Dr. Nihalani "abnormal" characterization was unsubstantiated and her treatment notes contradicted such a finding. (Doc. 16 at 5.) When an ALJ construes a doctor's opinion as conclusory or in contradiction to the substantive evidence they can reject or discount that opinion with good cause. *See Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987); *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987). In the view of the Court, the ALJ's discounting of Dr. Nihalani's opinion was merited in light of the facts and as a result, was decided with good cause.

Plaintiff further contends the hypothetical question asked the Vocational Expert ("VE") did not fully describe his recorded impairments in adherence to Step Five of the

2

pertinent regulatory code for determining one's disability. 20 C.F.R. § 404.1520. Under the Social Security regulations evaluating disability, Step Five requires a Commissioner to determine whether the claimant's "residual functional capacity and… age, education, and work experience" will allow persons to make an adjustment to other forms of work. 20 C.F.R. § 404.1520(a)(4)(v). The testimony of a VE, in consideration of Step Five, can be relied on by the ALJ when deciding whether a Plaintiff is able to perform other existing jobs. *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999). Plaintiff contends the presiding ALJ's hypothetical question to the testifying VE failed to fully include psychiatrist Dr. Marvin Blase's report addressing Plaintiff's impairments. "In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Moore v. Comm'r of Soc. Sec.,* 478 F. App'x 623, 625 (11th Cir. 2012)(*citing Jones*, 190 F.3d. at 1229). In the view of the Court, the ALJ adequately included all of Plaintiff's limitations, as noted by Dr. Blase, in its hypothetical question to the VE. As Judge Langstaff highlights in his Recommendation, the ALJ referenced Dr. Blase's functional capacity assessment expressing Dr. Blase's full opinion on Plaintiff's impairments when posing his hypothetical question. (*See* Docs. 11-2 at 50, 11-7 at 40-43.) As a result, as Judge Langstaff notes, consideration of the VE's testimony was sufficient.

Plaintiff also argues the ALJ's determination as it pertains to his credibility was in error. (Doc. 17 at 7.) The ALJ determined Plaintiff's statements concerning the "intensity, persistence, and limiting effects" of his disability were absent much credibility given Plaintiff's contravening functional capacity assessment. (Doc. 16 at 10.) The Court is in agreement with Judge Langstaff that the ALJ fairly and fully considered Plaintiff's credibility. Plaintiff being viewed as absent credibility was not a result of the ALJ neglecting evidence or narrowly focusing on Plaintiff's drug use. Instead, the ALJ's decision was derived from an assessment of the evidentiary Record as a whole. As Judge Langstaff correctly mentions, evaluation of a plaintiff's credibility requires consideration of the *record as a whole*, including Plaintiff's medical records and daily living. (Doc. 16 at 9.) It is not the job of the Court to

3

determine how the ALJ weighs one substantive fact in relation to another. Instead, the Court's job is to evaluate the sufficiency of the evidence and ensure proper application of the law by an ALJ. After a review of the Record, the Court finds the ALJ's decision legally well-reasoned and supported by the evidence.

Therefore, for all of the aforementioned reasons, Plaintiff's objection (Doc. 17) is **OVERRULED**, and U.S. Magistrate Judge Langstaff's August 18, 2014 Recommendation (Doc. 16) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein. The Commissioner's decision is hereby **AFFIRMED**.

**SO ORDERED**, this   20th   day of November, 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**